IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Monica Allen, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. 24A-08-001 MHC |
| | ) | |
| Amazon Fulfillment Svcs., Inc. & | ) | |
| Unemployment Insurance | ) | |
| Appeals Board, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

## **ORDER**

Submitted:  November 6, 2024
Decided:  January 29, 2025

On Appeal from The Unemployment Insurance Appeals Board, Decision of the Board is **AFFIRMED.**

Victoria Counihan, Deputy Attorney General; Attorney for Appellee

Monica Allen, *Pro Se*

**CONNER, J.**

This 29th day of January, 2025, upon consideration of the appeal of Monica Allen ("Allen") from the July 22, 2024 decision of the Unemployment Insurance Appeal Board (the "Board"), it appears to the Court that:

**Factual and Procedural History**

1. From March 2023 until either April or May of 2023, Amazon Fulfillment Svcs., Inc. employed Allen as a temporary laborer. In either April or May of 2023, Allen was placed on medical leave for pain management.

2. On July 30, 2023, Allen filed a claim for Unemployment Insurance.

3. On August 25th, 2023, the Department of Labor ("Department") notified Allen that a Claims Deputy had determined she was ineligible for benefits until she provided a doctor's certificate stating she would be able and available to work. Allen filed an appeal on December 12, 2023.

4. The hearing for the Appeals Referee hearing was originally scheduled for January 8, 2024. Allen failed to attend this hearing due to the Department sending the notice for the hearing to the wrong address, despite Allen providing the Department with the correct address. Based on her nonattendance, the Appeals Referee's first decision dismissed Allen's case. Despite an untimely appeal, the Board overturned the first Appeals Referee's decision on April 4, 2024. The Board found sending notice to the wrong address was an administrative error which

impacted Allen's ability to attend and file a timely appeal requiring the case be remanded for another hearing with the Appeals Referee in the interest of justice.

5. After a hearing that Allen attended, the Appeals Referee's second decision, dated May 28, 2024, concluded Allen was disqualified from receiving unemployment benefits. The Appeals Referee found that she was not released to return to work. Allen then filed a timely appeal to the Board.

6. The Board held a hearing on July 3, 2024, which resulted in a decision on July 22, 2024, affirming the Appeals Referee's decision. The Board explained that "[Allen] was placed on medical leave by her doctor. [Allen] testified at the Referee hearing that she was on medical leave and had not been released to return to work by her doctor. Under 19 *Del. C.* § 3314(8), [Allen] is disqualified from receiving benefits until she produces a doctor's note saying she is released to return to work."

7. On August 2, 2024, Allen filed a timely appeal to this Court of the Board's July 22, 2024 decision. Allen's appeal includes medical records that had not been produced to the Claims Deputy, Appeals Referee, or Board, which include a note dated April 19, 2022, that Allen could work 2.5 hours per day. As Allen explained in her "Reply Brief," she failed to provide this information until this appeal because she ". . . had not sat down with [her] doctor at the time to present to the [B]oard with paperwork."

**Standard of Review**

8. The Court's appellate review is limited to determining whether the Board's findings and conclusions are supported by substantial evidence and free from legal error.[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] Discretionary decisions of the Board will be upheld unless the Board "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[3] The Court may not weigh evidence, decide questions of credibility or engage in fact-finding upon review of the Board's decision.[4]

**Analysis**

9. Pursuant to 19 *Del. C.* § 3314(8), a person is disqualified from unemployment benefit if that person's total or partial unemployment is due to the individual's inability to work. This disqualification lasts until ". . . the individual

---

[1] *Adams v. TidalHealth Cardiology*, 2023 WL 2423234 at *2 (Del. Super. Mar. 8, 2023) (citing *Toribio v. Peninsula United Methodist Homes, Inc.*, 2009 WL 153871 at *2 (Del. Super. 23, 2009)).
[2] *Barry v. Brandywine at Seaside Pointe*, 2023 WL 6622213 at *2 (Del. Super. Oct. 11, 2023) (quoting *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[3] *Id.* (quoting *Nardi v. Lewis*, 2000 WL 30314 at *2 (Del. Super. Jan 26, 2000)).
[4] *Adams v. TidalHealth Cardiology*, 2023 WL 2423234 at *2 (Del. Super. Mar. 8, 2023) (citing *Toribio v. Peninsula United Methodist Homes, Inc.*, 2009 WL 153871 at *2 (Del. Super. 23, 2009)).

becomes able to work and available for work *as determined by a doctor's certificate....*"[5]

10. Allen does not contest that she was declared unable to work by a medical doctor. Secondly, Allen does not contest that she failed to provide a doctor's note releasing her back to work for 2.5 hours per day until the filing with this Court. Lastly, Allen does not challenge the Board's application of Delaware law. The Court finds that the Board correctly applied 19 *Del. C.* § 3314(8). It is beyond the scope of this appellate review to incorporate new evidence.[6]

**Conclusion**

11. The Court finds that the Board's ruling was based on substantial evidence from which a reasonable person could conclude Allen was unable to work and that the Board did not abuse its discretion or err as a matter of law when it affirmed the Referee's May 28, 2024 decision. Accordingly, the July 22, 2024 decision of the Unemployment Insurance Appeal Board is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Mark H. Conner
_____
Mark H. Conner, Judge

xc: Prothonotary

---

[5] 19 *Del. C.* § 3314(8) (emphasis added).
[6] *See e.g.*, *Alcock v. DPNL LLC*, 2016 WL 3208059 (Del. Super. May 31, 2016).